IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02087-BNB

RICHARD MARTINEZ,

    Plaintiff,

v.

N.P. RITTENHOUSE, and
ANTHONY A. DeCESARO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2007

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Richard Martinez is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Martinez has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Martinez is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the complaint, or any portion of the complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the complaint liberally because Mr. Martinez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate. *See id.*

Mr. Martinez asserts two claims for relief. He first claims that he was subjected to cruel and unusual punishment by Defendant N.P. Rittenhouse when he was denied medical treatment. In his second claim, which is asserted against Defendant Anthony A. DeCesaro, Mr. Martinez claims that he was denied due process when his grievance regarding his medical treatment was denied.

Mr. Martinez' claim that he was denied due process in connection with the denial of his administrative grievance lacks merit and will be dismissed. Prison grievance procedures do not give rise to a constitutionally protected liberty interest that requires the procedural protections envisioned by the Fourteenth Amendment. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Because this is the only claim asserted against Defendant DeCesaro, he will be dismissed as a party to this action. The Court will not address at this time the merits of Mr. Martinez' cruel and unusual punishment claim against Defendant Rittenhouse. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

2

ORDERED that the due process claim asserted against Defendant Anthony A. DeCesaro is dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Defendant Anthony A. DeCesaro is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18 day of December, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02087-BNB

Richard Martinez
Prisoner No.75213
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/19/07

GREGORY C. LANGHAM, CLERK

By: *[signature]*
Deputy Clerk