IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02087-WYD-KLM

RICHARD MARTINEZ,

    Plaintiff,

v.

N.P. RITTENHOUSE,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [Docket No. 22; filed February 26, 2008] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Plaintiff's Response [Docket No. 25; filed March 4, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I. Standard of Review**

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *id.* at 331 n.2 (Brennan, J., dissenting). Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there

1

is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the defendant raises qualified immunity on summary judgment, the burden shifts to the plaintiff to first satisfy a strict two-part test. *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Id.* (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534-35 (10th Cir. 1995) (citations omitted)). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment – showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).[1]

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate,

---

[1] This heavier summary judgment burden for the nonmovant stems from the nature and purpose of the qualified immunity defense, which immunizes public officials from lawsuits and protects them "from spending inordinate time and money defending erroneous suits." *Nelson*, 207 F.3d at 1206 (citing *Albright*, 51 F.3d at 1534).

2

nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, the Court should not relax the procedural rules for *pro se* litigants. *See Nielson v. Price*, 12 F.3d 1276, 1277 (10th Cir. 1994) (citing several cases for the principle that *pro se* litigants "follow the same rules of procedure that govern other litigants").

## II. Statement of the Case

The following facts appear to be essentially undisputed for purposes of this motion. Plaintiff, a prisoner proceeding *pro se*, brings this action against Nurse Practitioner Kathryn Rittenhouse ("Defendant") pursuant to 42 U.S.C. § 1983.[2] *Complaint* [Docket No. 3 at 3; filed October 5, 2007]. Plaintiff claims that Defendant violated his constitutional rights to due process and to be free from cruel and unusual punishment during a medical evaluation for his bottom bunk request. *Id.* at 3-4.

Plaintiff is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. *Motion* [#22] at 1. On June 7, 2006, Defendant evaluated Plaintiff for assignment to a bottom bunk based on his complaint that accessing the top bunk allegedly aggravated his arthritic knees. *See Complaint* [#3] at 3; *Motion* [#22] at 2; *Response* [#25]. During the evaluation, Plaintiff stated that he ran approximately two miles three times per week and that he climbed in and out of his top bunk numerous times each night. *Motion* [#22] Ex. 1; *accord Response* [#25]. Defendant contends that she observed Plaintiff walk without

---

[2] Plaintiff's due process claim against Anthony A. DeCesaro was dismissed pursuant to 20 U.S.C. § 1915(A)(b) as legally frivolous. *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge* [Docket No. 8; filed December 19, 2007].

3

difficulty during the course of the examination. *Motion* [#22] Ex. 1. Defendant did not perform a physical examination of Plaintiff or order that x-rays be taken of his knees. *Complaint* [#3] at 3.

Based upon her observations of Plaintiff's walk and his statements regarding his physical abilities, Defendant concluded that Plaintiff did not meet the administrative criteria for transfer to a bottom bunk. *Motion* [#22] Ex. A-1 at 2. Plaintiff contends, however, that his statements regarding jogging and accessing the top bunk indicated that a physical examination was necessary as these activities had allegedly aggravated the arthritis in his knees. *Response* [#25]. Moreover, Plaintiff claims that Defendant failed to provide reasonable medical treatment because he should have received a more thorough examination, as well as medication and physical therapy for his knees. *See id.*; *see also Complaint* [#3] at 3.

Plaintiff claims that Defendant violated prison Administrative Regulation 700-30 ("AR-700-30") by failing to provide reasonable medical treatment, thereby depriving him of his constitutional rights to be free from cruel and unusual punishment and right to due process pursuant to the Eighth and Fourteenth Amendments. *Complaint* [#3] at 4. Defendant moves for summary judgment, claiming that she is entitled to qualified immunity. *Motion* [#22] at 8-9.

**III. Analysis**

Plaintiff brings this action against Defendant pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

**A. Qualified Immunity**

**1. Cruel and Unusual Punishment**

Plaintiff's sole remaining claim for relief is titled "Due Process -N- [sic] Cruel & Unusual Punishment." *Complaint* [#3] at 4. It alleges that Defendant "violated AR-700-30 by refusing [Plaintiff] reasonable medical treatment . . . on 6-7-06." *Id.* Although Plaintiff appears to attempt to bring his cruel and unusual punishment claim pursuant to the due process clause of the Fourteenth Amendment, the Supreme Court has held that if a "constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Accordingly, the Court interprets Plaintiff's claim for relief as alleging that Defendant was deliberately indifferent to his serious medical need for a bottom bunk in violation of his Eighth Amendment right.[3] *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (recognizing that "[w]here a particular Amendment provides an explicit textual source of

---

[3] The Court notes that even were it to construe Plaintiff's claim for relief as a due process claim, this claim would undoubtedly fail. Although a prison regulation may occasionally implicate a substantive liberty interest pursuant to the Fourteenth Amendment, this protection is generally limited to freedom from restraint which imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not claim that the alleged violation of AR-700-30 imposed an "atypical and significant hardship." *Id.* Moreover, no reasonable juror could conclude that the denial of a bottom bunk request constitutes an "atypical and significant hardship." *Id.*

constitutional protection . . . that Amendment, not the more generalized notion of substantive due process must be the guide . . . ." *Id.* (citations omitted)). Defendant argues that she is entitled to qualified immunity on Plaintiff's cruel and unusual punishment claim. *Motion* [#22] at 8-9.

Because Defendant raises qualified immunity on summary judgment, Plaintiff bears the initial burden of establishing that: (1) Defendant violated Plaintiff's constitutional right to be free from cruel and unusual punishment during the evaluation; and (2) Plaintiff's constitutional right to be free from cruel and unusual punishment was clearly established at the time of the evaluation. *Nelson*, 207 F.3d at 1206. Plaintiff must satisfy both prongs of this two-part test in order to survive Defendant's qualified immunity defense. *Id.*

Plaintiff must first show that Defendant violated his right to be free from cruel and unusual punishment. *Id.* The Supreme Court has held that prison officials violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment when they are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (finding that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain"). To prevail on a deliberate indifference claim, allegations of inadequate or negligent medical treatment are insufficient; instead, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 105-06. The test for deliberate indifference involves both an objective and subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (2000).

### i. Objective Component

The first prong of the deliberate indifference test requires that the alleged deprivation of the inmate's constitutional right be objectively sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotations and citation omitted).

Plaintiff must demonstrate that his arthritic knees and alleged need for a bottom bunk are objectively sufficiently serious. *Farmer*, 511 U.S. at 834. However, Plaintiff has not alleged that a physician diagnosed arthritis in his knees or prescribed any form of treatment. *See Complaint* [#3] at 3. Based on Plaintiff's factual allegations and Defendant's medical examination, there is no indication that Plaintiff experienced chronic pain that limited his daily physical activities. *See id.*; *Response* [#25]. Although Plaintiff's knees would "grind," by his own admission, he was still able to jog regularly and access the top bunk numerous times each evening. *Response* [#25]. In addition, Defendant observed Plaintiff walking without difficulty. *Motion* [#22] Ex. 1. Due to Plaintiff's demonstrated physical abilities, his arthritic knees and alleged need for a bottom bunk were not so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *See Andrus v. Hurricane City*, No. 2:04-CV-1001 DAK, 2008 WL 450139, at *15 (D. Utah Feb.15, 2008) (unpublished decision) (finding that arthritis was not a condition that was so obvious that even a lay person would easily recognize the necessity for a doctor's attention); *cf. Oxendine v. Kaplan*, 241 F.3d 1272, 1279-80 (10th Cir. 2001) (holding that the onset of gangrene was obvious because the tissue blackened and necrified, the inmate

repeatedly informed the doctor, and the doctor himself recognized and noted the symptoms).

Accordingly, Plaintiff fails to satisfy the objective component of the deliberate indifference test because he has not demonstrated that his medical need for a bottom bunk was sufficiently serious such that it was "diagnosed by a physician as mandating treatment," or "so obvious that even a lay person would easily recognize the necessity for" treatment. *Hunt*, 199 F.3d at 1224.

### ii. Subjective Component

The second prong of the deliberate indifference test requires that the prison official have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Specifically, the plaintiff must establish that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Id.* at 837. As a result of this subjective inquiry, "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citation omitted). That is, "[s]o long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

Plaintiff must demonstrate that Defendant had a "sufficiently culpable state of mind" during the bottom bunk evaluation. *Farmer*, 511 U.S. at 834. However, Plaintiff does not allege that Defendant knew of and disregarded any health risk associated with his arthritic

8

knees.  *See Complaint* [#3] at 3.  Instead, based upon Plaintiff's factual allegations, there is no indication that Plaintiff's arthritic knees or assignment to a top bunk posed any risk to his health or safety.  *Id.*  Plaintiff does not allege that his arthritic knees limit his daily physical activities or that he has injured himself while accessing his top bunk.  *Id.*  To the contrary, Plaintiff states that he jogs regularly and climbs in and out of his top bunk numerous times each evening.  *Response* [#25].

Because there is no indication that Plaintiff's top bunk assignment posed any risk to his health or safety, Defendant could not have known of and consciously disregarded an excessive risk to Plaintiff's health or safety when she denied his bottom bunk request.  Further, even though Defendant did not perform a physical examination or order x-rays, her level of care was consistent with Plaintiff's presentation of symptoms during the evaluation as he did not demonstrate any symptoms of arthritis.  *Self*, 439 F.3d at 1233.  Therefore, even assuming that Defendant's bottom bunk evaluation was inadequate, there is no evidence of her actual knowledge or recklessness that would satisfy the required mental state.  Accordingly, Plaintiff has failed to satisfy the subjective component of the deliberate indifference test as he has not established that Defendant acted with a "sufficiently culpable state of mind "during his bottom bunk evaluation.  *Farmer*, 511 U.S. at 834.

As Plaintiff has failed to establish either element of deliberate indifference to any serious medical need, he has failed to establish that Defendant violated his constitutional right to be free from cruel and unusual punishment, pursuant to the Eighth Amendment.  Therefore, Plaintiff has failed to satisfy the first prong of the two-part test for opposing qualified immunity on summary judgment.  *Nelson*, 207 F.3d at 1206.  Because this analysis is sequential, the Court does not need to determine whether Plaintiff's

constitutional right to be free from cruel and unusual punishment was clearly established at the time of the bottom bunk evaluation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."). Defendant is entitled to qualified immunity for Plaintiff's cruel and unusual punishment claim.

Accordingly, I respectfully RECOMMEND that the Motion be **GRANTED** to the extent it seeks summary judgment on Plaintiff's Eighth Amendment claim.

### B. Damages Claim and Request for Injunctive Relief

Defendant argues that the Prison Litigation Reform Act bars Plaintiff's claim for compensatory damages. *Motion* [#22] at 9-10. In addition, Defendant argues that injunctive relief is not available because Defendant is no longer employed by the Colorado Department of Corrections. *Id.* at 10-11. However, as the Court has found that Defendant is entitled to qualified immunity on Plaintiff's claim, the Court will not address the relief potentially available to Plaintiff.

## IV. Conclusion

As set forth above, I respectfully **RECOMMEND** that Defendant's Motion for Summary Judgment [Docket No. 22; Filed February 26, 2008] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: June 26, 2008