IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02087-WYD-KLM

RICHARD MARTINEZ,

   Plaintiff,

v.

N.P. RITTENHOUSE,

   Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Defendant Kathryn Rittenhouse's Motion for Summary Judgment filed February 26, 2008. (Docket No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter was referred to Magistrate Judge Kristen L. Mix for a recommendation. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, D.C.COLO.LR. 72.4. Magistrate Judge Mix recommends therein that Defendant's Motion for Summary Judgment be granted and that this case be dismissed. (*See* Recommendation at 1.) On July 3, 2008, Plaintiff filed timely objections to the recommendation.

By way of background, Plaintiff Martinez ("Martinez") is incarcerated in the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). Martinez submitted a kite to SCF Clinical Services requesting a bottom

bunk. Martinez complained that he needed a bottom bunk due to grinding in both of his knees.

On June 7, 2006, Martinez was seen by Nurse Practitioner Kathryn Rittenhouse ("Rittenhouse") to be evaluated pursuant to his request for a bottom bunk. Rittenhouse was employed by the CDOC at SCF. Rittenhouse interviewed Martinez in connection with his request. Martinez told Rittenhouse that both of his knees grind and cause him pain. In the interview he also told Rittenhouse that he jogs approximately two miles three times a week, and gets in and out of his top bunk several times each night. (Rittenhouse Aff. ¶ 5.) During the examination, Rittenhouse observed Martinez walk freely with a steady gait and no limp. (*Id.* at ¶ 6.) Upon observing Martinez's ability to walk with ease, and based on his statements about his physical abilities, Rittenhouse denied his request for a bottom bunk. (*Id.* at ¶ 7.)

On October 5, 2007, Martinez filed a complaint alleging that Rittenhouse violated his Eighth Amendment and due process rights by failing to provide him with reasonable medical treatment. (Docket No. 3). On February 26, 2008, Rittenhouse filed a Motion for Summary Judgment. (Docket No. 22). In her motion, Rittenhouse claims that summary judgment is appropriate for several reasons: (1) Rittenhouse is entitled to qualified immunity; (2) the prison litigation reform act ("PLRA") bars Martinez's damages claim; (3) Martinez failed to state a due process claim; and (4) Martinez requested injunctive relief which he cannot obtain because Rittenhouse is no longer employed by the CDOC.

Rittenhouse argues that summary judgment is appropriate because she was not

deliberately indifferent to Martinez's serious medical needs. (Def.'s Mot. Summ. J. at 4.) The United States Supreme Court held that to show an Eighth Amendment violation a prisoner must show that a prison official displayed "deliberate indifference" to a serious medical need. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). Rittenhouse raised the defense of qualified immunity in her Motion for Summary Judgment. Therefore, Martinez bears the burden of establishing that: (1) Defendant violated Plaintiff's constitutional right to be free from cruel and unusual punishment; <u>and</u> (2) Plaintiff's constitutional right to be free from cruel and unusual punishment was clearly established at the time he was evaluated for a bottom bunk. *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000) (emphasis added).

To determine if a prison official was deliberately indifferent the inmate must establish that his injury was objectively sufficiently serious and that the prison official had a "sufficiently culpable state of mind" in denying the prisoner care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). To be a sufficiently serious medical need, the need must be one that has either been diagnosed by a medical doctor as mandating treatment, or be so obvious that a lay person would recognize the need. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). I agree with Magistrate Judge Mix's findings that Martinez could not satisfy either of those standards to prove that his medical condition was sufficiently serious.

Martinez was not diagnosed by a medical doctor that he had an arthritic knee and was in need of treatment. He also has not established that his medical condition was so serious that a lay person would recognize his need for treatment. Moreover,

Martinez was observed by Rittenhouse walking without a limp at a steady gait. I find that this evidence shows Martinez's injury was not so apparent that a lay person would have been able to observe that he was in need of medical attention.

The second prong to establish deliberate indifference is that the prison official had the requisite intent to deprive the prisoner of needed medical care. *Farmer*, 511 U.S. at 834. "[N]egligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citation omitted). I agree with Magistrate Judge Mix's findings that Martinez did not allege that Rittenhouse knew of and intentionally disregarded any health risk associated with his arthritic knee. Recommendation at 8.

On July 3, 2008, Plaintiff Martinez filed a timely objection to Magistrate Judge Mix's recommendation. However, in order to preserve an issue for *de novo* review by this Court, the Plaintiff must make a timely and specific objection to the Magistrate Judge's recommendation. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Martinez filed a one page letter stating that to give Rittenhouse immunity is not appropriate because, "then it is like she is not responsible for any negligent action she does." Plaintiff's Objection (Docket No. 35). Martinez cites no case law and fails to provide any specific arguments as to why he believes Magistrate Judge Mix's recommendation is misplaced. While I acknowledge that Martinez is unhappy with Magistrate Judge Mix's recommendation, his complaints are irrelevant to my analysis.

I agree with Magistrate Judge Mix's findings that Martinez did not establish either element of deliberate indifference to a serious medical need. (Recommendation at 9.) Martinez was unable to satisfy the first prong of the test for opposing summary judgment based on qualified immunity by establishing that Rittenhouse was deliberately indifferent to his serious medical need. He has not met his burden and I agree with Magistrate Judge Mix that Rittenhouse has qualified immunity in this matter. Therefore summary judgment is appropriate.

Based upon the foregoing, it is

ORDERED that the Recommendation on Defendants' Motions for Summary Judgment (Docket No. 34) is **AFFIRMED AND ADOPTED**.

In accordance therewith, it is

ORDERED that Defendant Rittenhouse's Motion for Summary Judgment filed February 26, 2008 (Docket No. 22), is **GRANTED**, and this case is **DISMISSED.**

Dated: July 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge