IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02087-WYD-KLM

RICHARD MARTINEZ,

    Plaintiff,

v.

N. P. RITTENHOUSE,

    Defendant.

**ORDER**

    THIS MATTER is before the Court on *pro se* Plaintiff Richard Martinez's Reconsideration Motion, filed may 27, 2009 [#38].  By way of background, I note that Plaintiff initiated this action in October 5, 2007, following Defendant Rittenhouse's denial of his request for a bottom bunk bed.  Plaintiff maintained that he required a bottom bunk due to grinding in his knees that caused him pain.  Defendant examined Plaintiff and denied his request.  Plaintiff then filed suit asserting that Defendant Rittenhouse violated his Eight Amendment and due process rights by failing to provide him with reasonable medical treatment.  Defendant Rittenhouse filed a Motion for Summary Judgment maintaining, among other things, that she was entitled to qualified immunity.  Magistrate Judge Mix recommended that the Motion for Summary Judgment be granted and Plaintiff's claims dismissed.  I entered an Order Adopting and Affirming the Recommendation on Defendant's Motion for Summary Judgment on July 29, 2008

[#36]. In that Order I found that I agreed with Magistrate Judge Mix's findings that Plaintiff failed to establish that Defendant Rittenhouse was deliberately indifferent to a serious medical need. I also agreed with Magistrate Judge Mix that Plaintiff failed to allege that Defendant Rittenhouse knew of and intentionally disregarded any health risk associated with his arthritic knee. Judgment entered in favor of Defendant on July 31, 2008.

In the instant motion, Plaintiff asserts that on March 2, 2009, he fell out of his top bunk and suffered injuries requiring medical treatment in the form of stitches, a tetanus shot, and antiseptics. Following this incident, Plaintiff was made "bottom bunk restricted." Plaintiff asks that I reconsider the dismissal of this case based on qualified immunity and contends that Defendant Rittenhouse is responsible for the March 2, 2009, incident based on her denial of his initial request for a bottom bunk.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

Following final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "'If the motion is filed within ten days of the district court's entry of judgment, the

[#36]. In that Order I found that I agreed with Magistrate Judge Mix's findings that Plaintiff failed to establish that Defendant Rittenhouse was deliberately indifferent to a serious medical need. I also agreed with Magistrate Judge Mix that Plaintiff failed to allege that Defendant Rittenhouse knew of and intentionally disregarded any health risk associated with his arthritic knee. Judgment entered in favor of Defendant on July 31, 2008.

In the instant motion, Plaintiff asserts that on March 2, 2009, he fell out of his top bunk and suffered injuries requiring medical treatment in the form of stitches, a tetanus shot, and antiseptics. Following this incident, Plaintiff was made "bottom bunk restricted." Plaintiff asks that I reconsider the dismissal of this case based on qualified immunity and contends that Defendant Rittenhouse is responsible for the March 2, 2009, incident based on her denial of his initial request for a bottom bunk.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

Following final judgments, the Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "'If the motion is filed within ten days of the district court's entry of judgment, the

motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'" *Id.* (quotation omitted). "'Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).'" *Id.* (quotation omitted); see also Lawrence v. Maher, 62 Fed. Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished). Here, the instant motion was filed more that one year after final judgment, so I must treat it as a motion filed under Rule 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); see also *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. Rule 60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect." As to Rule 60(b)(4), "[a] judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'" *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)), *cert. denied*, 121 S. Ct. 2520 (2001). Rule 60(b)(5) authorizes the Court to relieve a party from a final order or judgment "where it is no longer equitable that the judgment should have prospective application." Finally, Rule 60(b)(6) provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." "Rule 60(b)(6) has been

described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).

Upon review of the motion for reconsideration, I find that Plaintiff has failed to articulate any grounds under Rule 60(b) that would require reconsideration of my prior Order Adopting and Affirming the Recommendation on Defendant's Motion for Summary Judgment, and dismissing this case. The March 2, 2009 incident that Defendant describes in his motion, and his subsequent designation to "bottom bunk restricted," do not change the legal analysis in my prior Order. Even assuming that the events alleged in the motion for reconsideration are true, Plaintiff still has not demonstrated Defendant Rittenhouse was deliberately indifferent to a serious medical need at the time she initially examined him, or that she knew of and intentionally disregarded any health risk associated with his arthritic knee.

Therefore, it is hereby ORDERED that Plaintiff Richard Martinez's Reconsideration Motion, filed may 27, 2009 [#38], is **DENIED**.

Dated:  August 13, 2009

              BY THE COURT:

              s/ Wiley Y. Daniel
              Wiley Y. Daniel
              Chief United States District Judge